IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03073-BNB

KENDRICK SAMUELS,

    Plaintiff,

v.

JOHN DAVIS, Warden,
SGT. BYNES, Recreation Officer (BVCF) Buena Vista Correctional Facility, et al.,
DR. THOMAS CHARLES FISHER, Medical Provider (BVCF),
MEDICAL SERVICES, et al., CDOC Colorado Department of Corrections, and
CORRECTIONAL HEALTH PLAN, Department of Colorado Corrections Health Care
    Provider, Denver, CO,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Kendrick Samuels, is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Samuels has filed *pro se* a Prisoner Complaint (ECF No. 2) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

The court must construe the Prisoner Complaint liberally because Mr. Samuels is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Samuels will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint is deficient. For one thing, it is not clear exactly who Mr. Samuels is suing because he improperly uses "et al." in the caption of the Prisoner Complaint. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

The court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or

unintelligible pleadings violate Rule 8.

Mr. Samuels asserts an Eighth Amendment claim in the Prisoner Complaint premised on an alleged failure to provide adequate medical care in a timely manner for his broken hand. He specifically alleges that Defendant Dr. Thomas Charles Fisher was deliberately indifferent to his serious medical needs. However, he fails to provide a short and plain statement of his Eighth Amendment claim showing he is entitled to relief against the other Defendants because he fails to allege specific facts that demonstrate any other Defendant personally participated in the asserted Eighth Amendment violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("personal participation in the specific constitutional violation complained of is essential"). If Mr. Samuels intends to pursue his Eighth Amendment claim against any other Defendant, he must allege facts that demonstrate those Defendants also were deliberately indifferent to his serious medical needs. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

For these reasons, Mr. Samuels will be ordered to file an amended complaint if he wishes to pursue an Eighth Amendment claim against any Defendant other than Dr. Fisher. Mr. Samuels should name as Defendants only those persons who actually violated his rights because § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. Samuels "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Samuels file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Samuels shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Samuels fails to file an amended complaint that complies with this order within the time allowed, the court will dismiss as parties to this action all Defendants other than Dr. Thomas Charles Fisher.

DATED November 14, 2013, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge